# STATE OF LOUISIANA

# COURT OF APPEAL

*JEW*

*ZW*

*JPS*

## FIRST CIRCUIT

\* \* \* \* \* \* \*

## 2023 KA 0993

## STATE OF LOUISIANA

## VERSUS

## JUDE EVERETTE BOUDREAUX

JUDGMENT RENDERED: **APR 1 9 2024**

\* \* \* \* \* \* \*

Appealed from the Thirty-Second Judicial District Court
Parish of Terrebonne • State of Louisiana
Docket Number 821881 • Division A

The Honorable Timothy C. Ellender, Jr., Presiding Judge

\* \* \* \* \* \* \*

Jane L. Beebe
*Louisiana Appellate Project*
Addis, Louisiana

COUNSEL FOR APPELLANT
DEFENDANT—Jude Everette
Boudreaux


Joseph L. Waitz, Jr.
*District Attorney*
Joseph S. Soignet
*Special Prosecutor*
Gary Williams
*Assistant District Attorney*
Houma, Louisiana

COUNSEL FOR APPELLEE
State of Louisiana

\* \* \* \* \* \* \*

**BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.**

**WELCH, J.**

The defendant, Jude Boudreaux, was charged by bill of information with one count of molestation of a juvenile (count one), a violation of La. R.S. 14:81.2, one count of sexual battery (count two), a violation of La. R.S. 14:43.1, one count of aggravated crime against nature (count three), a violation of La. R.S. 14:89.1(A)(2), and one count of felony carnal knowledge of a juvenile (count four), a violation of La. R.S. 14:80(A)(1). He pled not guilty and, following a jury trial, was found guilty as charged by unanimous verdict on all four counts. The trial court denied the defendant's motion for new trial and motion for post-verdict judgment of acquittal, and sentenced the defendant to fifteen years imprisonment at hard labor on count one, six years imprisonment at hard labor on count two, fifteen years imprisonment at hard labor on count three, and six years imprisonment at hard labor on count four, with each sentence to be served consecutively.[1] The trial court denied the defendant's motion to reconsider sentence. The defendant now appeals, challenging the admission of hearsay evidence, the sufficiency of the evidence, the denial of his motion for mistrial, and the excessiveness of the sentences. For the following reasons, we affirm the convictions and sentences.

## FACTS

On September 17, 2020, fourteen-year-old J.H., the victim in this case, returned from school to the home she shared with her mother, N.S., and her stepfather, the defendant, in Houma, Louisiana.[2] Later that evening, N.S. received an anonymous text message advising her that J.H. and the defendant exchanged

---

[1] The record reflects that the trial court failed to state that the sentence was to be served without benefit of parole, probation, or suspension of sentence on count two, as statutorily mandated. See La. R.S. 14:43.1(C)(1). However, when a trial court does not mention the restriction of benefits provided in the sentencing statute, such conditions are self-activating pursuant to La. R.S. 15:301.1(A). Accordingly, we need not take corrective action. See State v. Lee, 2023-0079 (La. App. 1st Cir. 6/2/23), 2023 WL 3861763, *1 n.1 (unpublished).

[2] Because these charges involve sex offenses, we reference the victim and her family members by their initials. See La. R.S. 46:1844(W).

2

sexually explicit messages and photographs. N.S. called the police, after which J.H. disclosed that she and the defendant engaged in multiple sexual acts. After the defendant confessed in his interview with police and provided a DNA sample, he was subsequently arrested.[3]

## SUFFICIENCY OF THE EVIDENCE

In his second assignment of error, the defendant argues the trial court erred in denying his motion for new trial and motion for post-verdict judgment of acquittal because the evidence at trial was insufficient to support his conviction on each of counts one through four.[4]

A conviction based on insufficient evidence cannot stand, as it violates due process. See U.S. Const. amend. XIV; La. Const. art. I, § 2. The standard of review for sufficiency of the evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. See **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); **State v. Labee**, 2022-0995 (La. App. 1st Cir. 2/24/23), 361 So.3d 1072, 1076; see also La. C.Cr.P. art. 821(B).

When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is

---

[3] The defendant was advised of his rights pursuant to **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to giving a statement.

[4] When issues are raised on appeal contesting the sufficiency of the evidence and alleging one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. **State v. Hearold**, 603 So.2d 731, 734 (La. 1992); **State v. Calloway**, 2018-1396 (La. App. 1st Cir. 4/12/19), 276 So.3d 133, 141, writ denied, 2019-00869 (La. 1/20/21), 308 So.3d 1164. Further, we note that the question of the sufficiency of the evidence is properly raised by a motion for post-verdict judgment of acquittal. See La.C.Cr.P. art. 821. Appellate courts may review the grant or denial of a motion for new trial only for errors of law. See La. C.Cr.P. art. 858. Accordingly, the denial of the defendant's motion for new trial, in part based on La. C. Cr. P. art. 851(B)(1), is not subject to review on appeal. **State v. Anthony**, 2023-0117 (La. App. 1st Cir. 11/3/23), ___ So.3d ___, ___ 2023 WL 7270882, *1 n.3.

thus viewed, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. **State v. Coleman**, 2021-0870 (La. App. 1st Cir. 4/8/22), 342 So.3d 7, 12, writ denied, 2022-00759 (La. 11/21/23), 373 So.3d 460. When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. **State v. Bessie**, 2021-1117 (La. App. 1st Cir. 4/8/22), 342 So.3d 17, 22, writ denied, 2022-00846 (La. 9/20/22), 346 So.3d 802.

J.H. testified at trial that at the time of the alleged offenses, she lived with her mother, N.S., and her stepfather, the defendant. J.H. stated that she and the defendant communicated on Snapchat, where she sent him pictures of her breasts and vagina, and the defendant sent her a picture of his penis. These photographs were also shared in a group conversation with an unknown person, who convinced J.H. to perform sexual acts with the defendant.[5] J.H. also testified that the anonymous person asked her questions about how the defendant performed oral sex on her.

One day after N.S. called the police, she brought J.H. to the Children's Advocacy Center (CAC) for an interview. J.H.'s CAC statement was largely consistent with her trial testimony. She explained that she sent nude pictures and videos of herself to the defendant, after which the defendant sent her a picture of his penis. She affirmatively stated that on two separate occasions, while her mother was away from home, she performed oral sex on the defendant. She also stated that the defendant touched her breasts and vagina, as well as performed oral sex on her.

---

[5] It is unclear from the record whether the anonymous individual in the group conversation is the same anonymous individual who initially contacted N.S.

4

Detective Monica Odom with the Terrebonne Parish Sheriff's Office testified that at around 11:00 p.m. on September 17, 2020, she responded to J.H.'s father's house, where she spoke with N.S. and J.H. J.H. told Detective Odom that for approximately two weeks prior, she and the defendant exchanged sexual messages and photographs, as well as engaged in sexual acts. Detective Odom testified that she reviewed J.H.'s phone, after which J.H. confirmed that some photographs depicted her breasts, and N.S. identified the defendant's penis in one of the photographs. Detective Odom further testified that J.H. stated that when she returned home from school that day, the defendant touched her breasts and vagina, and she performed oral sex on him. J.H. further stated that she performed oral sex on the defendant on a prior date. Thereafter, Detective Odom instructed N.S. to bring J.H. to Children's Hospital, where a sexual assault kit was performed. Swabs from J.H.'s breasts, neck, and ear were collected and then submitted for DNA testing.

Stacy Williams, an expert in forensic DNA analysis, analyzed the DNA evidence collected in this case. Williams testified that swabs from J.H.'s breasts produced a DNA profile consistent with a mixture of two people. Additionally, Williams performed a Y-STR analysis wherein a sample is tested for the presence of paternal DNA specific to one individual. The Y-STR analysis of the breast swabs produced a partial Y-STR DNA profile consistent with the defendant's paternal line. Accordingly, Williams testified that the defendant and all male individuals within his biological paternal lineage could not be excluded as the contributor for the Y-STR DNA profile found on J.H.'s breasts.

The defendant provided an oral statement to police, which was presented to the jury. In his statement, the defendant stated his date of birth is July 25, 1974, and he was forty-six years old at the time of the interview. He further stated he was injured in a work-related accident and stayed at home most of the time. Within the

two weeks immediately preceding his arrest, he received photographs of J.H.'s breasts and vagina, as well as a video of J.H. performing a sexual act. Additionally, he admitted to sending a photograph of his penis; however, he stated he did not remember whether he sent it to J.H. or the anonymous person in the group chat. According to the defendant, J.H. repeatedly talked to him about sex and messaged him asking to perform oral sex on him. He further stated he viewed J.H. as having the body of a woman. While he initially denied participating in sexual activities with J.H., he eventually confessed that J.H. performed oral sex on him twice but insisted she initiated each incident. He further admitted he penetrated her vagina with his fingers but maintained she grabbed his hand and led him to her vagina.

On appeal, the defendant argues the State failed to prove beyond a reasonable doubt that any crime occurred. Specifically, he contends J.H. initiated all sexual activities, and he simply refused her sexual advances. However, the verdicts rendered in this case indicate the jury found J.H. credible and rejected the defendant's hypothesis of innocence. We cannot say the jury was unreasonable in doing so.

In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. **State v. Brown**, 2020-0150 (La. App. 1st Cir. 2/19/21), 2021 WL 650816, *10 (unpublished), writ denied, 2021-00458 (La. 6/1/21), 316 So.3d 835. Further, the testimony of the victim alone is sufficient to prove the elements of the offense. It is the fact finder who weighs the credibility of the witnesses, and this court will generally not second-guess those determinations. *Id.*

### Count One: Molestation of a Juvenile

Molestation of a juvenile is defined, in pertinent part, as the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in

6

the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. La. R.S. 14:81.2(A)(1). The word "lewd" means lustful or indecent and signifies that form of immorality that relates to sexual impurity carried on in a wanton manner. It is identified with obscenity and measured by community norms for morality. The word "lascivious" means tending to incite lust, indecent, obscene, and tending to deprave the morals in respect to sexual relations. **Brown**, 2021 WL 650816 at *4.

Molestation of a juvenile is a specific intent crime. **Brown**, 2021 WL 650816 at *5. Specific criminal intent is that state of mind that exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Specific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. Specific intent is an ultimate legal conclusion to be resolved by the fact finder. **Brown**, 2021 WL 650816 at *5.

The testimony adduced at trial established that at the time of the offenses, the defendant was forty-six years old, and J.H. was fourteen years old. The defendant, who met J.H. when she was eight years old and subsequently became her stepfather, had continuous influence, control, and supervision over her. The defendant was home with J.H. every day while N.S. was at work, as the defendant was unemployed due to a work-related injury. Further, J.H.'s trial testimony and CAC statement established that the defendant and J.H. exchanged sexually explicit messages and photographs, as well as exposed their genitals to each other. J.H. stated that on one occasion, she exposed her breasts to the defendant, who then exposed his penis to her. Moreover, in his statement to police, the defendant admitted to receiving

7

photographs and videos of J.H.'s genitals, as well as sending a photograph of his penis to the group chat, where J.H. could view it. Although the defendant stated he could not remember whether he sent the photograph directly to J.H., J.H. testified that he did so. Finally, the defendant described J.H.'s body as womanly, which suggests he viewed her in a lustful manner. Thus, a rational jury could have concluded the defendant was guilty of molestation of a juvenile. See **Brown**, 2021 WL 650816 at *10-11.

*Count Two: Sexual Battery*

Sexual battery is defined, in pertinent part, as the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim, directly or through clothing, when the victim has not yet attained fifteen years of age and is at least three years younger than the offender. La. R.S. 14:43.1(A)(2). Sexual battery is a general intent crime. Thus, the only intent necessary to sustain a conviction is established by the very doing of the proscribed act. See La. R.S. 14:11; **Brown**, 2021 WL 650816 at *5. General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2).

In J.H.'s CAC statement, she recounted how the defendant touched her vagina with his hands. The defendant also admitted to police that he touched J.H.'s vagina with his hands multiple times and, at one point, digitally penetrated her. Accordingly, a rational jury could have found the evidence proved beyond a reasonable doubt the defendant committed sexual battery upon J.H. See **State v.**

8

**Lilly**, 2012-0008 (La. App. 1st Cir. 9/21/12), 111 So.3d 45, 63, <u>writ denied</u>, 2012-2277 (La. 5/31/13), 118 So.3d 386.

*Count Three: Aggravated Crime Against Nature*

Aggravated crime against nature is defined, in pertinent part, as the commission of any enumerated prohibited act with a person who is under eighteen years of age and who is known to the offender to be related to the offender as a "biological, step, or adoptive" child. La. R.S. 14:89.1(A)(2)(a). Prohibited acts include sexual battery, carnal knowledge of a juvenile, molestation of a juvenile, or "[a]ny lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both." La. R.S. 14:89.1(A)(2)(b)(i) and (ii). Aggravated crime against nature is a general intent crime. Thus, the only intent necessary to sustain a conviction is established by the very doing of the proscribed act. <u>See</u> La. R.S. 14:11; **Brown**, 2021 WL 650816 at *5. Consent shall not be a defense to prosecution for a violation of this provision. La. R.S. 14:89.1(A)(2)(c).

Herein, there is no dispute regarding the relationship between J.H. and the defendant. In J.H.'s CAC statement, she stated the defendant touched her breasts, and DNA consistent with the defendant's was found on her breasts. Thus, while the defendant denied touching J.H.'s breasts, the evidence clearly established that he engaged in the prohibited touching of her breasts. As provided in the statute, consent is not a defense to the crime of aggravated crime against nature. La. R.S. 14:89.1(A)(2)(c). Accordingly, the jury could have rationally concluded that the defendant, with full knowledge that J.H. was his fourteen-year-old stepdaughter, committed aggravated crime against nature.

*Count Four: Felony Carnal Knowledge of a Juvenile*

Felony carnal knowledge of a juvenile is committed when "[a] person who is seventeen years of age or older has sexual intercourse, with consent, with a person

9

who is thirteen years of age or older but less than seventeen years of age . . . when the difference between the age of the victim and the age of the offender is four years or greater[.]" La. R.S. 14:80(A)(1). Sexual intercourse includes anal, oral, or vaginal sexual intercourse. La. R.S. 14:80(B). Penetration, however slight, is sufficient to complete the crime. La. R.S. 14:80(C). Felony carnal knowledge of a juvenile is a general intent crime. Thus, the only intent necessary to sustain a conviction is established by the very doing of the proscribed act. See La. R.S. 14:11; **State v. Granier**, 99-3511 (La. 7/6/00), 765 So.2d 998, 1000.

J.H.'s CAC statement established that J.H. performed oral sex on the defendant, and he performed oral sex on her. Moreover, in the defendant's statement to police, he admitted that J.H. performed oral sex on him. Accordingly, a rational jury could have concluded the defendant, who was forty-six years old, engaged in oral sexual intercourse with J.H., who was fourteen years old, and was, therefore, guilty of felony carnal knowledge of a juvenile.

An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the fact finder. See **State v. Calloway**, 2007-2306 (La. 1/21/09), 1 So.3d 417, 418 (*per curiam*). Viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the State proved beyond a reasonable doubt all of the elements of molestation of a juvenile, sexual battery, aggravated crime against nature, and felony carnal knowledge of a juvenile.

This assignment of error is without merit.

## ADMISSION OF HEARSAY EVIDENCE

In his first assignment of error, the defendant argues the trial court erred in allowing into evidence a screenshot of a text message conversation between N.S. and the anonymous person who informed N.S. of the offenses herein. Specifically,

10

the defendant contends the evidence was hearsay and violated his rights of confrontation and cross-examination, as well as his right to present a defense.

The Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § 16 of the Louisiana Constitution guarantee a criminal defendant the meaningful opportunity to present a complete defense. **State v. Dressner**, 2008-1366 (La. 7/6/10), 45 So.3d 127, 137, cert. denied, 562 U.S. 1271, 131 S.Ct. 1605, 179 L.Ed.2d 500 (2011). The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." **Crawford v. Washington**, 541 U.S. 36, 42, 124 S.Ct. 1354, 1359, 158 L.Ed.2d 177 (2004). The main purpose of confrontation rights is to secure for the defendant the opportunity to cross-examine. **State v. Alexander**, 2021-1346 (La. App. 1st Cir. 7/13/22), 344 So.3d 705, 719, writ denied, 2022-01262 (La. 11/8/23), 373 So.3d 62. Cross-examination is the primary means by which to test the believability and truthfulness of testimony and has traditionally been used to impeach or discredit witnesses. *Id.* at 719-20.

Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La. C.E. art. 801(C). Hearsay is not admissible except as otherwise provided by the Code of Evidence or other legislation. La. C.E. art. 802. If a statement is offered for a purpose other than for the truth of the matter asserted, then the statement is not hearsay. **State v. Patton**, 2010-1841 (La. App. 1st Cir. 6/10/11), 68 So.3d 1209, 1219-20. Under the *res gestae* exception to the hearsay rule, statements are not hearsay if they are "events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants[.]" La. C.E. art. 801(D)(4). This doctrine includes not only spontaneous utterances and declarations made before and after commission of a crime, but also includes testimony of witnesses pertaining to

11

what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances. **Patton**, 68 So.3d at 1220.

During J.H.'s testimony, the State presented to the jury a photograph displaying a text message conversation between N.S. and an anonymous individual. In that particular conversation, the anonymous person sent a sexual image of J.H. and asked if it was J.H. The individual then told N.S. they would send a screenshot of a separate conversation with the defendant. After J.H. testified she was involved in the conversation between N.S. and the third party, defense counsel objected and argued the messages were hearsay and J.H. could not authenticate them. The trial court overruled the objection, noting that J.H. identified the conversation as one in which she participated.

When the State later attempted to introduce the photograph, defense counsel again objected on hearsay grounds and argued the evidence violated the defendant's right of confrontation because N.S. and the anonymous individual did not testify.[6] After the State declined to present any argument on the matter, the trial court admitted the photograph.

On appeal, the defendant asserts the trial court improperly admitted the photograph into evidence because the text message conversation did not involve J.H. but, rather, N.S. and an anonymous individual. Because N.S. and the anonymous individual did not testify at trial, the defendant contends the evidence should have been excluded as hearsay.

We find the trial court properly admitted the photograph into evidence because it was part of the *res gestae* and, therefore, did not constitute hearsay. See La. C.E. art. 801(D)(4). The photograph at issue consisted of a text message

---

[6] The defendant also filed a motion in limine to prevent the admission of any statements, writings, messages, or impressions from the anonymous person. The trial court denied the motion.

conversation between N.S. and an anonymous individual who alerted N.S. to the sexually inappropriate messages between J.H. and the defendant. The evidence was not offered to prove the truth of the matter asserted, *i.e.*, that J.H. and the defendant were in a sexually inappropriate relationship. Rather, the evidence was introduced to explain how N.S. became aware of the allegation and why law enforcement became involved. See La. C.E. art. 801(C); **State v. Mitchell**, 2016-0834 (La. App. 1st Cir. 9/21/17), 231 So.3d 710, 726, writ denied, 2017-1890 (La. 8/31/18), 251 So.3d 410. A review of the photograph reveals the anonymous person merely asked if the sexual picture was of J.H. and stated he or she would send a separate conversation which included the defendant. Notably, N.S. did not confirm the picture was of J.H., and the anonymous person did not state the separate conversation included J.H. Accordingly, we find the photograph was offered to show how N.S. became aware of the allegation against the defendant and to explain the sequence of events leading to the defendant's arrest. See **Mitchell**, 231 So.3d at 726.

Because the challenged photograph was not hearsay, there was no confrontation error. While N.S. and the anonymous individual did not testify, neither of them were identified or established as a witness against the defendant, nor did they make any statements against the defendant. Further, J.H. did not testify about the contents of the conversation but merely confirmed that it occurred and that she was in the photograph. See **Mitchell**, 231 So.3d at 724-25 (no confrontation error where officer testimony regarding investigation did not include content of non-testifying witness's statements). Therefore, the defendant has failed to demonstrate how the admission of such evidence violated his constitutional right of confrontation.[7]

This assignment of error is without merit.

---

[7] Because we find the photograph was not hearsay, we pretermit discussion of the admittance of such evidence as being harmless error. See **State v. Ratley**, 2023-0183 (La. App. 1st Cir. 9/15/23), 2023 WL 6014498, *3 n.3 (unpublished).

## MOTION FOR MISTRIAL

In his third assignment of error, the defendant argues the trial court erred in denying his motion for mistrial after the State made improper comments in its closing argument.

Upon motion of a defendant, a mistrial shall be ordered when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by La. C.Cr.P. arts. 770 or 771. See La. C.Cr.P. art. 775. Louisiana Code of Criminal Procedure article 771 provides:

> In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
>
> (1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of [La. C.Cr.P. art.] 770; or
>
> (2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of [La.C.Cr.P. art.] 770.
>
> In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.

Because the statements at issue are governed by La. C.Cr.P. art. 771, further discussion of La. C.Cr.P. art. 770 is pretermitted.[8] **State v. Torres**, 2023-0445 (La.

---

[8] Louisiana Code of Criminal Procedure article 770 provides, in part:

> Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
>
> (1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
>
> (2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
>
> (3) The failure of the defendant to testify in his own defense; or

App. 1st Cir. 11/9/23), ___ So.3d ___, 2023 WL 7409251, *3. The proper remedy for inappropriate remarks under La. C.Cr.P. art. 771 is an admonishment directing the jury to disregard the remark. *Id.* at *4. However, the court may grant a mistrial where an admonition is insufficient and the prejudicial remark makes it impossible for the defendant to obtain a fair trial. See La. C.Cr.P. art. 771. A mistrial is a drastic remedy, which is warranted only if a comment or remark results in substantial prejudice to the accused. The determination of whether a mistrial should be granted is within the sound discretion of the trial court, and the denial of a motion for mistrial will not be disturbed on appeal absent an abuse of discretion. **Torres**, 2023 WL 7409251 at *4.

Closing statement arguments shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice. La. C.Cr.P. art. 774. Although they should not misstate the evidence, prosecutors are allowed wide latitude in choosing closing argument tactics. See **State v. Draughn**, 2005-1825 (La. 1/17/07), 950 So.2d 583, 614, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). The trial court has broad discretion in controlling the scope of closing arguments, and this court will not reverse a conviction on the basis of improper closing argument unless thoroughly convinced that the remarks influenced the jury and contributed to the verdict. **Bessie**, 342 So.3d at 27.

In the beginning of its closing remarks, the State argued the following: "I apologize for what Jude Boudreaux made you sit through today and this week. I apologize that, you know – I apologize to [J.H.] for what happened to her. And no [fourteen]-year-old girl should ever have to have that happen to her."

(4) The refusal of the judge to direct a verdict.

15

Defense counsel objected, arguing the statements were improper, and the trial court overruled the objection. The State continued with its closing argument and discussed the evidence presented to the jury, during which it stated that the defendant admitted in his statement to sending a photograph of his penis to J.H. Defense counsel again objected, and the trial court again overruled the objection. After the State finished its closing argument, defense counsel moved for a mistrial. Regarding the prosecutor's first statement, the defense argued that the State expressed a personal opinion about the guilt or innocence of the defendant and appealed to sympathy, prejudice, and fear. Secondly, the defense argued the statement concerning the defendant's admission to sending a photograph was an improper misstatement of the evidence. The trial court denied the motion for mistrial and stated it did not find any comments in the State's closing argument to be improper such that the defendant was prejudiced or that a mistrial was necessary.

On appeal, the defendant argues the trial court erred in denying the motion for mistrial because the State directly blamed the defendant for exercising his right to a trial. The defendant further claims the State appealed to the sympathy and prejudice of the jury by stating that J.H. should not have experienced what happened to her, thereby placing weight on the jury's verdict. Finally, the defendant asserts the State misstated the evidence because the defendant did not admit to sending J.H. a nude photograph.

We find no abuse of discretion in the trial court's denial of the defendant's motion for mistrial. With respect to the first portion of the closing argument wherein the State apologized to the jury and to J.H., we find the comments were based on the evidence presented at trial and a conclusion of fact the State drew therefrom. The State made the comments at the beginning of its closing argument, after which it explained how the evidence admitted established the elements of the offenses. Thus, the State did not blame the defendant for exercising his right to a trial or due process

16

but, rather, impressed upon the jury its view of the evidence. Moreover, the State did not appeal to the prejudice or sympathy of the jury, as the comments did not suggest the jury's responsibility to render a guilty verdict. Further, the trial court specifically instructed the jury they were not to be influenced by sympathy, passion, prejudice, or public opinion. Considering the substantial evidence of the defendant's guilt, including his own confession, we find the argument was based on the evidence adduced at trial and did not exceed the proper scope of closing arguments. See **State v. Martin**, 93-0285 (La. 10/17/94), 645 So.2d 190, 199-200, cert. denied, 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 260 (1995) (prosecutor's comment alluding to suffering of victim and victim's family did not appeal to passion or prejudice, as it was based on evidence presented at trial).

With respect to the second remark at issue concerning the defendant's admission to sending a photograph to J.H., we find the remark represented the State's view of the evidence and was proper. In both her CAC statement and trial testimony, J.H. stated the defendant sent her a photograph of his penis. While the defendant in his statement stated he could not remember whether he sent the photograph to J.H. or the anonymous person in the group chat in which J.H. was a party, he did not deny sending it. Thus, he admitted to sending a photograph of his penis to J.H. or the group chat, where J.H., as a member of the group chat, could view the photograph. Therefore, the State's remark was not a misstatement of the evidence.

Moreover, the defendant has failed to demonstrate that the State's comments were prejudicial to the extent he was deprived of a fair trial or a mistrial was necessary. See La. C.Cr.P. arts. 771 and 921. The trial court instructed the jury that the opening and closing arguments and statements by attorneys are not evidence and that they must only consider the evidence or lack of evidence which was admitted at trial. Much credit should be accorded to the good sense and fairmindedness of jurors who have seen the evidence and heard the argument and have been instructed by the

17

trial court that arguments of counsel are not evidence. **Bessie**, 342 So.3d at 28. Accordingly, the trial court did not abuse its discretion in denying the defendant's motion for mistrial.

This assignment of error is without merit.

## EXCESSIVE SENTENCE

In his fourth assignment of error, the defendant argues the trial court erred in imposing consecutive sentences on all four counts, resulting in an excessive sentence.

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence is within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. **State v. Kimble**, 2023-0176 (La. App. 1st Cir. 9/21/23), 376 So.3d 869, 874. A sentence is considered excessive if it is grossly disproportionate to the severity of the offense or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. A trial court is given wide discretion in the imposition of sentences within statutory limits, and an appellate court should not set aside the sentence in the absence of an abuse of that discretion. *Id.* at 874-875.

Louisiana Code of Criminal Procedure article 894.1 sets forth factors the trial court must consider before imposing a sentence. The trial court need not recite the entire checklist of La. C.Cr.P. art. 894.1, but the record must reflect that it adequately considered the criteria. In light of the criteria expressed by La. C.Cr.P. art. 894.1, an appellate court's review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. Remand for full compliance with La. C.Cr.P. art. 894.1 is

18

unnecessary when a sufficient factual basis for the sentence is shown. **Kimble**, 376 So.3d at 874.

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr.P. art. 883. Thus, La. C.Cr.P. art. 883 specifically excludes from its scope sentences which the court expressly directs to be served consecutively. **Alexander**, 344 So.3d at 725. A trial judge retains discretion to impose consecutive penalties based on the offender's past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community. Although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. The failure to articulate specific reasons for imposing consecutive sentences does not require remand if the record provides an adequate factual basis to support the consecutive sentences. *Id.* at 725-26.

As to count one, molestation of a juvenile, the defendant was sentenced to fifteen years imprisonment at hard labor. See La. R.S. 14:81.2(B)(2). As to count two, sexual battery, the defendant was sentenced to six years imprisonment at hard labor. See La. R.S. 14:43.1(C)(1). As to count three, aggravated crime against nature, the defendant was sentenced to fifteen years imprisonment at hard labor. See La. R.S. 14:89.1(C)(1). As to count four, felony carnal knowledge of a juvenile, the defendant was sentenced to six years imprisonment at hard labor. See La. R.S. 14:80(D)(1). The trial court ordered the sentences to be served consecutively. Thus, the defendant was sentenced to a total of forty-two years imprisonment at hard labor.

Prior to sentencing the defendant, the trial court heard a victim impact statement from J.H.'s mother, N.S., detailing how the incident affected J.H. and their

19

family. The defense then presented a written statement from the defendant, wherein he expressed his regret over what happened. In its reasons for sentencing the defendant, the trial court noted that it considered the factors set forth in La. C.Cr.P. art. 894.1. The trial court specifically noted the defendant's refusal to accept any culpability for his actions and the seriousness of the offenses. The trial court further found that the defendant, as J.H.'s stepfather, should have known J.H. was particularly vulnerable due to her age and her trust in the defendant. Finally, the trial court found that this case fell outside the parameters of La. C.Cr.P. art. 883, which allows for concurrent sentences.

A thorough review of the record reveals the trial court adequately considered the criteria of La. C.Cr.P. art. 894.1 and did not manifestly abuse its discretion in imposing the sentences herein. Further, the sentences imposed were not grossly disproportionate to the severity of the offenses and thus were not unconstitutionally excessive.

We also find the trial court did not abuse its discretion in imposing consecutive sentences. Although the trial court did not provide as detailed reasoning for imposing consecutive sentences, the record provides an adequate factual basis to support the consecutive sentences. See **Alexander**, 344 So.3d at 726. The trial court specifically found there was an undue risk that the defendant would commit another crime while on probation and that a lesser sentence than the one imposed would diminish the seriousness of the offenses. See La. C.Cr.P. art. 894.1(A)(1) and (3). The trial court noted the defendant's failure to take accountability and to recognize his actions as criminal in nature. Moreover, the trial court specifically rejected the defendant's assertion that J.H. initiated the sexual relationship, noting the age difference and relationship between J.H. and the defendant. We note as a result of these offenses, J.H. continues to deal with long-term effects, such as attending counseling, experiencing panic and anxiety attacks, and being afraid to go out in

20

public or be in large crowds. Finally, the instant offenses did not arise from the same course of conduct, nor were they part of a common scheme or plan. See La. C.Cr.P. art. 883. Rather, they were four separate and distinct acts over the course of two weeks. Therefore, the consecutive sentences imposed by the trial court were not excessive. See **State v. Young**, 2018-790 (La. App. 3d Cir. 5/1/19), 270 So.3d 770, 780 (no abuse of discretion in trial court's imposition of consecutive sentences for first-time sexual offender, where defendant's actions were not part of a single occurrence, defendant violated position of trust over victim, and victim had to attend counseling).

This assignment of error is without merit.

## PATENT ERROR

Pursuant to La. C.Cr.P. art. 920(2), this court routinely conducts a review of all appeals for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. **State v. Anthony**, 2023-0117 (La. App. 1st Cir. 11/3/23), ___ So.3d ___, 2023 WL 7270882, *5. After a careful review of the record, we have found one patent error.

The record reflects that after the trial court imposed the sentences herein, it advised the defendant that he had "two years to file post-conviction relief." A defendant generally has two years "after the judgment of conviction and sentence has become final" to seek post-conviction relief. La. C.Cr.P. art. 930.8(A). Thus, the trial court failed to adequately advise the defendant of the prescriptive period for seeking post-conviction relief. However, the trial court's failure to properly advise the defendant has no bearing on the sentence and is not grounds to reverse the sentence or remand for resentencing. **State v. LeBoeuf**, 2006-0153 (La. App. 1st Cir. 9/15/06), 943 So.2d 1134, 1142-43, writ denied, 2006-2621 (La. 8/15/07), 961 So.2d 1158. Accordingly, this error is not reversible, and we decline to remand for resentencing.

21

Out of an abundance of caution and in the interest of judicial economy, we instead note for the record and advise the defendant that La. C.Cr.P. art. 930.8 generally provides that no application for postconviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C.Cr.P. arts. 914 or 922. **LeBoeuf**, 943 So.2d at 1143.

## CONCLUSION

For all of the above and foregoing reasons, the defendant's convictions and sentences are affirmed.

**CONVICTIONS AND SENTENCES AFFIRMED.**